OFFICE OF CONSUMERS' COUNSEL ET AL., APPELLANTS, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES. (Two cases.)

[Cite as Consumers' Counsel *v.* Pub. Util. Comm. (1983),
4 Ohio St. 3d 35.]

(Nos. 82-716 and 82-918—Decided March 16, 1983.)

*Mr. William A. Spratley,* consumers' counsel, *Mr. Bruce J. Weston* and *Mr. Michael L. Haase,* for appellant Office of Consumers' Counsel.

*Mr. Anthony G. Pizza,* prosecuting attorney, *Mr. Nick Batt* and *Ms. Mary Trimboli,* for intervening appellant Lucas County Board of Commissioners in case No. 82-716.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik* and *Ms. Phyllis J. Culp,* for appellee Public Utilities Commission of Ohio.

*Messrs. Fuller & Henry, Mr. Paul M. Smart* and *Mr. Fred J. Lange, Jr.,* for intervening appellee Toledo Edison Co. in case No. 82-716.

*Messrs. Squire, Sanders & Dempsey, Mr. James H. Woodring, Mr. Alan D. Wright* and *Mr. Craig I. Smith,* for intervening appellee Cleveland Electric Illuminating Co. in case No. 82-918.

*Per Curiam.* R.C. 4905.301 mandates a semiannual hearing to review the fuel component of public utility rate schedules. The procedure for these hearings is set forth in R.C. 4909.191. Pertinent to this appeal is R.C. 4909.191(C) which reads, in part:

"The electric light company shall demonstrate at the hearing on its fuel component that its acquisition and delivery costs were fair, just, and reasonable. * * *"

The appellants argue that absent a showing that a utility acts in a prudent, reasonable manner to avoid a plant shutdown, the utility may not recover fuel acquisition costs. Further, appellants argue that the record demonstrates that TECO and CEI did not act in such a manner.

First, appellants point out that the companies had experienced a similar problem previously. At an earlier time, a vibration caused the one operative circuit breaker to trip.[7] Thus, appellants assert that TECO was imprudent in allowing unsupervised construction work in the vicinity of the circuit breaker while the other was inoperative, particularly given the circuit breaker's sensitivity to vibration.

Second, appellants argue that the circuit breaker was not sufficiently marked to inform those working near it that it was sensitive to vibration. The sign on the cabinet read, "Equipment subject to mech. shock." Appellants assert that it should have had a simpler, more direct message, such as, "Do Not Touch."

This court may disturb factual conclusions only when they are

---

[7] That incident did not cause a shutdown since Davis-Besse was not operating at the time.

unreasonable or unlawful. R.C. 4903.13. In *Consumers' Counsel* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 449, 453 [12 O.O.3d 378], the court said:

"* * * Upon review of * * * factual conclusions, a finding of the commission will not be reversed unless it appears from the record that it is manifestly against the weight of the evidence or is so clearly unsupported by the record as to show misapprehension, mistake, or a willful disregard of duty."

The commission's decisions here are not so unsupported by the record as to demonstrate "misapprehension, mistake or a willful disregard of duty."

Consequently, the orders of the Public Utilities Commission are affirmed.

*Orders affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, MAHONEY, HOLMES, C. BROWN and PUTMAN, JJ., concur.

MAHONEY, J., of the Ninth Appellate District, sitting for LOCHER, J.

PUTMAN, J., of the Fifth Appellate District, sitting by assignment.